THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* ELIZA VOGLER, LANDLORD, *v.* ANDREW WALSH, POLICE JUSTICE OF THE CITY OF BROOKLYN, AND HORATIO S. STEWART, TENANT, RESPONDENTS.

*Summary proceedings by owner of tax-lease to recover land—what facts must be proved by him—1873, ch. 863, tit. 8, §§ 6, 10—service of a notice to redeem is not proved by the affidavit of the party serving the same.*

CERTIORARI to review a decision of the respondent, a police justice of the city of Brooklyn, dismissing summary proceedings in-

stituted by the relator to recover the possession of certain premises described in her complaint.

The relator claimed to be entitled to the possession of the said premises by virtue of a lease thereof to her by the city of Brooklyn, made upon a sale of the premises for unpaid taxes.

The court, at General Term, said: "The sole authority for the proceeding before Justice WALSH is the charter of the city of Brooklyn. The relator, for the purpose of proving her case, started with the assessment roll. But the charter requires several preliminary proceedings to be taken before the assessors acquire authority to make out the assessment. We think the omission of the relator to give proof of the facts on which the jurisdiction of the assessors depended was fatal to her right to recover. For it is a fundamental rule that a man cannot be divested of his property for the non-payment of a tax without proof of a strict compliance with all the material provisions of the statute which authorized the imposition of the tax. I have been unable to find any provision of the charter which makes any act or thing presumptive evidence of the regularity of the proceedings, antecedent to the assessment roll, and none has been pointed out. The provision of section 10 of title 8 of the act of 1873, chapter 863, relates only to the proceedings had for the sale. We think also that it was incumbent on the relator to prove the service of the written notice of the sale provided for by section 6 of title 8 of said act of 1873. The time to redeem would begin to run upon filing the requisite affidavit of such service, provided the notice was in fact served, but not otherwise. The affidavit was not legal proof of such service."

*Charles H. Otis*, for the relator.

*Wm. Sullivan* for Horatio S. Stewart, the tenant, respondent.

Opinion by GILBERT, J.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and proceedings affirmed, with costs.